## KANTOR v. UNITED STATES.

### SUSSMAN et al. v. SAME.

(Circuit Court of Appeals, Third Circuit. February 15, 1923.)

#### Nos. 2888, 2893.

Receiving stolen goods ☞7(6)—Name of consignee of goods stolen from interstate shipment must be proved, if alleged.

Even though it was not necessary for an indictment, charging defendants with receiving goods knowing them to have been stolen from an interstate shipment, to name the consignee of the goods, it was necessary for the prosecution to prove the name of the consignee as alleged, where the evidence showed that two shipments by the same carrier of the same kind of goods were made at the same time to different consignees, neither of which was ever received, since, if defendant were convicted in such a case without proof identifying the particular shipment, he might be subsequently charged by indictment with receiving the goods shipped to the other consignee, and could not plead his prior conviction as a bar.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Morris Kantor and Isaac Sussman and another were convicted of receiving property knowing it to have been stolen from an interstate shipment and they bring error. Reversed, and new trial awarded.

Ward & McGinnis and Emanuel Shavick, all of Paterson, N. J., for plaintiffs in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Frederic M. P. Pearse, of Newark, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The defendants were jointly charged by two counts of the indictment with having in their possession and with receiving goods stolen from an interstate shipment, knowing them to have been stolen. Act of February 13, 1913, 37 Stat. 670, Comp. St. § 8603.

Witnesses for the Government testified that on September 30, 1919, Russell-Murray Silk Company in New York City shipped a bale of silk to the National Ribbon Company at Paterson, New Jersey, by the American Railway Express Company; that the bale arrived in Paterson and was placed on the platform of the Express Company for delivery by its drivers.

The witness Riedyke testified that he was a driver for the express company and that in October, 1919, he stole bales of silk from its platform and sold them to Edward Schlenger, who in the extensive practice of stealing silk from interstate shipments was known as a "receiver." Schlenger testified that he bought bales of silk from Riedyke, knowing them to have been stolen, and that, in turn, he sold them to Samuel Cohen and Joseph Dobinsky, street silk brokers. Cohen and Dobinsky then testified that they had purchased silk from Schlenger, knowing it to have been stolen, and sold a bale to the defendants Sussman and Urdang, silk manufacturers, in the presence of Kantor, at a

price below the market; that the markings had been removed from the
outside wrapping but the tags on the bundles inside the bale were still
on and showed that the silk had come from Russell-Murray Silk Com-
pany; that Kantor gave Sussman and Urdang money with which they
paid for the silk; and that Kantor took the silk away in his automobile.
The defendants denied any participation in the transaction as testified
by the Government's witnesses. The jury found the three defendants
guilty. After sentence they prosecuted this writ of error, and now,
by many assignments of error, complain of the court in its rulings on
the evidence and instructions to the jury. The assignments have re-
ceived our careful consideration, and as all except one deal with refine-
ments and shadings of the law which disclose no error in the matters
to which they are addressed, we resolve them without comment against
the plaintiffs in error.

The one assignment which requires discussion arose out of the re-
fusal of the trial court to charge one of the defendants' requests. Be-
fore stating this request it will be necessary, in order properly to under-
stand it, to quote certain averments of the counts of the indictment and
the testimony introduced to sustain them. The counts differ only in
the charge made against the defendants of having in their possession
and of receiving stolen goods, and read as follows:

"The grand jurors * * * present, that * * * Isaac Sussman, Jacob
Urdang and Morris Kantor knowingly, willfully and unlawfully did have in
their possession (or did receive) certain goods, to wit, a bale of silk, which
* * * had theretofore been stolen * * * from a station * * * of
the American Railway Express Company, at Paterson, aforesaid, and which
said goods at the time of being so stolen, as aforesaid, were part of an inter-
state shipment of express and were being carried by the American Railway
Express Company, a common carrier * * * and were consigned by the
Russell-Murray Silk Company, of New York City, in the State of New York, to
the National Ribbon Company of Paterson, in the State of New Jersey, over
divers railroad lines. * * *"

In support of this averment the Government produced the shipping
clerk of the consignor, who, on direct examination, testified that on
September 30, 1919, Russell-Murray Silk Company delivered to the
American Railway Express Company in New York a bale of silk con-
signed to National Ribbon Company at Newark, New Jersey, and that
the bale of silk so consigned had not been received by the consignee.
Stopping here, the Government introduced no evidence which showed
to the jury that the bale of silk which was stolen and later was received
by the defendants, knowing it to have been stolen, was the bale of silk
averred in the indictment as having been consigned to the National
Ribbon Company. On cross-examination the same witness testified that
on the same day a like shipment of silk was made by the same con-
signor through the same carrier to the same destination and consigned
to Scandia Silk Company and that this shipment likewise had not been
received. The jury therefore had before it evidence of two shipments
identical in every particular except as to the consignee. In this state
of the evidence counsel for the defendants requested the court to charge
the jury that:

"It must be proven beyond a reasonable doubt that the identical silk charg-
ed in the indictment was stolen and that the identical silk was sold to the de-

fendants and that at the time they bought it they knew it was stolen, otherwise the defendants must be acquitted."

The learned trial judge, declining to charge this request, instructed the jury to the contrary. Approaching the instruction he said:

"There may be some question as to whether the identical bale of silk that was sent out by Russell-Murray Silk Company to the National Ribbon Company was the actual bale stolen, but that is a question for you to determine whether that bale has been sufficiently identified to make the particular one charged in the indictment the one that has been established as stolen."

So far, this instruction would have been right had there been any evidence upon which the jury could have made the identification. But there was no evidence by which the jury could have identified the silk as that consigned to the National Ribbon Company. Doubtless apprehending this, the learned trial judge then said:

"Nevertheless, if you should find as a fact in the case that there was a bale of silk sent out by this New York consignor and that that particular bale was stolen and that it landed in the possession of these defendants, and they knew that it was stolen, the mere fact that there may be some doubt as to whether it was the National Ribbon Company or this Scandia concern would make no difference. The essence of the crime is goods shipped in interstate commerce, stolen while they are in such course and which were taken over by the defendants knowing them to be stolen. That is the gist of it."

The learned trial judge evidently had in mind what may be true, that an averment naming the consignor and bailee carrier would be sufficient to designate the silk, and, when later it is stolen and received as stolen goods, would be sufficient to establish the crime without naming the consignee. Upon first view it would seem that if the name of the consignee were not necessary then the name of the consignee in the counts of the indictment was surplusage. But on second thought it is clear that having described the silk with perhaps more particularity than was necessary, the Government was required to identify the silk with the same particularity. By its method of pleading, in which the consignee of this shipment was named, the Government may have intended to reserve the right to indict the defendants for receiving other shipments otherwise consigned. If it did not have this intention, such, nevertheless, is the effect, for unless barred by a statute of limitations there is nothing to prevent the Government from proceeding against the defendants for receiving stolen silk consigned to the Scandia Silk Company. It might be that the silk stolen and received by the defendants in this case was the silk consigned to that concern, yet if brought to trial on such an indictment the defendants could not plead autrefois convict and defend on the record of conviction in this case because the indictment in this case shows that the conviction was for receiving stolen silk which had been consigned to the National Ribbon Company. While this is what the indictment shows, the testimony does not establish that fact but leaves unanswered the question whether the stolen silk in the instant case was that which was consigned to the National Ribbon Company or that which was consigned to the Scandia Silk Company. As these defendants were indicted for receiving a shipment of silk consigned to the National Ribbon Company and as to that charge alone they pleaded, we think the learned trial judge fell into

error when he said it made no difference whether the silk they received was the stolen silk consigned to the National Ribbon Company or the stolen silk consigned to the Scandia Silk Company. These are separate crimes to which separate defenses may be made, and when indicted for either the trial should be so conducted that conviction for one could be pleaded to another indictment charging the same offense. In the present state of the record this the defendants cannot do, for the record fails to disclose which stolen bale of silk they knowingly received. While the record is otherwise clear of error and while otherwise the verdict of the jury is amply sustained by the evidence, we are constrained on this one assignment to reverse the judgment below and direct that a new trial be awarded.