GREENE *v.* UNITED STATES.

No. 134.   Argued January 13, 1959.—Decided January 26, 1959.

*James H. Heller* argued the cause and filed a brief for petitioner.

*John L. Murphy* argued the cause for the United States. On the brief were *Solicitor General Rankin, Assistant Attorney General Anderson, Beatrice Rosenberg* and *Eugene L. Grimm.*

PER CURIAM.

Petitioner was convicted in the United States District Court for the District of Columbia on each of 15 counts of an indictment for violations of the narcotic laws,[1] and as recited in the formal judgment was sentenced to imprisonment as follows:

> "Twenty (20) Months to Five (5) Years . . . on Count Two; Twenty (20) Months to Five (5) Years . . . on Count Four, said sentence on Count Four to take effect [at] the expiration of sentence imposed on Count Two; Twenty (20) Months to Five (5) Years . . . on Count Seven, said sentence on Count Seven to take effect at the expiration of sentence imposed on Count Four; Twenty (20) Months to Five (5) Years . . . on each of Counts One, Three, Five, Six, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen and Fifteen, said sentences by the Counts to run concurrently and to run concurrently with the sentences imposed on Counts Two, Four and Seven."

On his appeal, petitioner sought reversal of the conviction and sentence on each count upon the grounds of prejudicial procedural errors at the trial, insufficiency of the evidence to support the convictions and sentences, and invalid multiple punishments for single offenses. In a *per curiam* opinion the Court of Appeals held that "The record supports at least 5 of the sentences that were to run 'concurrently with' the 3 consecutive sentences. It therefore supports the aggregate sentence. We need not decide whether it supports the 'consecutive' sentences

---

[1] The Narcotic Drugs Import and Export Act, § 2 (c), 65 Stat. 767, 21 U. S. C. § 174; the Internal Revenue Code of 1954, §§ 4704 (a), 4705 (a), and 7237 (a), 68A. Stat. 550–551, 860, as amended, 69 Stat. 3, 26 U. S. C. (Supp. III) §§ 4704 (a), 4705 (a), 7237 (a).

themselves. *Hirabayashi* v. *United States,* 320 U. S. 81, 85; *Wanzer* v. *United States,* 93 U. S. App. D. C. 412, 208 F. 2d 45." It thereupon affirmed, one judge dissenting, 100 U. S. App. D. C. 396, 246 F. 2d 677. Petitioner sought certiorari on the grounds that the sentences invalidly multiply punishments for single offenses, and that the Court of Appeals erred in failing to determine the validity of the several sentences and in holding that imprisonment for an aggregate period of 5 to 15 years is authorized by its finding that "at least 5 of the sentences that were to run 'concurrently with' the 3 consecutive sentences [are valid]." We granted the writ to determine those questions. 357 U. S. 934.

The Government contends here that the several sentences are in reality but one "gross sentence" to imprisonment for a period of 5 to 15 years, and that the holding of the Court of Appeals that at least 5 of the "concurrent" sentences are valid supports the judgment,[2] but it concedes that "If the sentence [may] not be considered as a gross sentence, at least as to the 12 counts which were to be concurrent with 2, 4, and 7, . . . the case would have to be remanded to the Court of Appeals to pass on the validity of counts 2, 4, and 7 [and if] it found any one of them invalid, that court would then have to remand to the District Court for resentencing, since, assuming that

---

[2] In support of its stated position the Government relies on its understanding of this Court's opinions in *In re De Bara,* 179 U. S. 316, and *In re Henry,* 123 U. S. 372. It also relies upon *Phillips* v. *United States,* 212 F. 2d 327, 335 (C. A. 8th Cir.); *Barnes* v. *United States,* 197 F. 2d 271, 273 (C. A. 8th Cir.); *Levine* v. *Hudspeth,* 127 F. 2d 982, 984 (C. A. 10th Cir.); *McKee* v. *Johnston,* 109 F. 2d 273, 275 (C. A. 9th Cir.); *Jackson* v. *Hudspeth,* 111 F. 2d 128, 129 (C. A. 10th Cir.); *Ross* v. *Hudspeth,* 108 F. 2d 628, 629 (C. A. 10th Cir.); *Hawkins* v. *United States,* 14 F. 2d 596, 597–598 (C. A. 7th Cir.); *Klein* v. *United States,* 14 F. 2d 35, 37 (C. A. 1st Cir.); *Neely* v. *United States,* 2 F. 2d 849, 852 (C. A. 4th Cir.).

the other counts cannot be considered in gross, it is not clear which of them, taken individually, were to be concurrent with 2, which with 4, and which with 7."

The question whether, in these circumstances, the law permits the imposition of a single "gross sentence" upon several counts exceeding the maximum sentence that may lawfully be imposed upon any one of such counts is not presented here, for we think the Government's contention that these 15 sentences were, or may be treated as, one "gross sentence" to imprisonment for a period of 5 to 15 years is unsupportable and is contradicted by the plain words of the recorded judgment. "The only sentence known to the law is the sentence or judgment entered upon the records of the court." *Hill* v. *United States,* 298 U. S. 460, 464. The judgment entered on the records of the court in this case explicitly imposed a separate sentence of from 20 months to the then permissible maximum of 5 years[3] on each of the 15 counts. It is therefore plain that the court did not impose one "gross sentence" to imprisonment for a period of 5 to 15 years.

The judgment makes the separate sentences on Counts Two, Four, and Seven to run consecutively. Thus, if each is valid, they in sequence authorize imprisonment for an aggregate period of 5 to 15 years. But the judgment makes the separate sentences on the other 12 counts to run concurrently with each other (hence for a total period of 20 months to 5 years) *and* "with the sentences imposed on Counts Two, Four and Seven," without saying whether

---

[3] At the time of these alleged offenses, and prior to the enactment of the Narcotic Control Act of 1956, 70 Stat. 567, 570, § 2 (c) of the Narcotic Drugs Import and Export Act (65 Stat. 767, 21 U. S. C. § 174) provided for imprisonment for its violation of "not less than two or more than five years," and § 7237 (a) of the Internal Revenue Code of 1954 (68A. Stat. 860) provided for imprisonment for the violation or conspiracy to violate §§ 4704 (a) or 4705 (a) of that Code of "not less than 2 or more than 5 years."

those "concurrent" sentences are to run with the sentence on Count Two, with the consecutive sentence on Count Four, or with the consecutive sentence on Count Seven. It is therefore evident that the Court of Appeals was in error in concluding that the 5 "concurrent" sentences which it thought were valid alone support an aggregate period of imprisonment of 5 to 15 years.

The rule that reversal is not required if any one of several concurrent sentences is valid and alone supports the sentence and judgment, *Hirabayashi* v. *United States,* 320 U. S. 81, 85, and cases cited; *Pinkerton* v. *United States,* 328 U. S. 640, 642, n. 1; *United States* v. *Sheridan,* 329 U. S. 379, 381; *Roviaro* v. *United States,* 353 U. S. 53, 59, n. 6; *Lawn* v. *United States,* 355 U. S. 339, 359, does not aid the Government, for no one of the "concurrent" sentences, or even all of them together, could, even if geared to a particular (though invalid) consecutive sentence, support imprisonment for more than 20 months to 5 years. If any one of the consecutive sentences on Counts Two, Four or Seven be invalid it cannot be said that such of the "concurrent" sentences as are valid will run with such invalid consecutive sentence, and thus support that much of the aggregate term of imprisonment, because the trial judge did not make the concurrent sentences to run with any particular one of the consecutive sentences. It is therefore clear, under the present sentences, that imprisonment for an aggregate period of 5 to 15 years can be sustained only if each of the consecutive sentences on Counts Two, Four, and Seven is valid. Hence it is necessary for the Court of Appeals to pass upon the validity of the consecutive sentences. The judgment of the Court of Appeals is vacated and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

*It is so ordered.*