William C. GREENE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13621.

United States Court of Appeals District of Columbia Circuit.

May 14, 1959.

Petition for Reconsideration Denied May 27, 1959.

Mr. James H. Heller (appointed by this court), Washington, D. C., filed a brief for appellant.

Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher and Jerome A. Cohen, Asst. U. S. Attys., filed a brief for appellee.

Before EDGERTON, BAZELON and DANAHER, Circuit Judges.

EDGERTON, Circuit Judge.

"Appellant was convicted, on each of 15 counts of an indictment, for violations of the narcotics laws. He was sentenced, on each count, to imprisonment for 20 months to 5 years and a fine of $500. Three of the sentences were to run consecutively and the other 12 'concurrently with' the consecutive sentences." Greene v. United States, 100 U.S.App.D. C. 396, 246 F.2d 677. We there held, Judge Bazelon dissenting on other grounds, that the "aggregate sentence" of "not less than five years and not more than 15 years, and a $1,500.00 fine" was valid whether the three "consecutive" sentences were valid or not.

This was erroneous. The sentencing judge did not indicate with *which* of the three "consecutive" sentences the other 12 sentences were to run "concurrently". Therefore, "imprisonment for an aggregate period of 5 to 15 years can be sustained only if each of the consecutive sentences on Counts Two, Four, and Seven is valid." Greene v. United States, 358 U. S. 326, 330, 79 S.Ct. 340, 343, 3 L.Ed.2d 340. The Supreme Court vacated our judgment and remanded the case to us.

■ Appellant concedes the sentence on Count Four is valid, and the government concedes the sentence on Count Seven is invalid. We agree. It remains to consider Count Two, which charged that on or about January 14, 1955, appellant and one Floyd "facilitated the concealment and sale of a narcotic drug * * *." The statute makes it criminal to facilitate the "transportation, concealment, *or* sale" of a narcotic drug. (Emphasis added.) It also says unexplained possession of the drug "shall be deemed sufficient evidence to authorize conviction". 21 U.S.C.A. § 174.

■ There was direct testimony, and appellant has not denied, that he delivered a narcotic drug in his possession to Floyd and Floyd sold it. Appellant says there was no proof that he expected or desired Floyd to sell it. He says there was, therefore, no proof that he facilitated Floyd's sale. This may be so, despite the statutory term "sufficient evidence". For "a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience." Tot v. United States, 319 U.S. 463, 467–468, 63 S.Ct. 1241, 1245, 87 L. Ed. 1519.

■ But appellant's possession of the drug and his delivering it to Floyd are "sufficient evidence" that he facilitated its *concealment*. Cf. Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed. 2d 597. This is enough to support the conviction. It is immaterial that where the statute says "concealment, or sale" the indictment says "concealment and sale". When a statute makes each of two acts illegal, and an indictment charges the defendant with both, "a conviction is warranted upon proof of the commission of either * * *." Turner v. United States, 57 App.D.C. 39, 40, 16 F.2d 535, 536.

The court instructed the jury, correctly and without objection, that there was "corroborating testimony from a number of Government agents." Floyd's story that she got narcotics from appellant on January 14 was corroborated in one degree or another by testimony showing that (1) appellant had previously said he would be willing to sell narcotics "through someone"; (2) Floyd was on

familiar terms with appellant and had been present when he had discussed a possible sale; (3) on January 14, Floyd had in her possession enough money to buy narcotics; and (4) this money had been handed to her and accepted by her on that day and for that purpose. Like almost all the other testimony in the case, these portions of the agents' testimony were admitted without objection.

The case is remanded to the District Court with directions to vacate all the sentences except those on Counts Two and Four, which are affirmed. This will leave in effect an aggregate sentence of not less than 40 months nor more than 10 years and a fine of $1,000.

So ordered.

BAZELON, Circuit Judge (concurring in part and dissenting in part).

I agree with the majority that the sentences on Counts 1, 3 and 5 through 15 should be vacated and that the judgment on Count 4 should be affirmed. But, for the reasons I stated when this case was last before us, I dissent from the majority's conclusion that the conviction on Count 2 is valid. See 1957, 100 U.S.App. D.C. 396, 398–400, 246 F.2d 677, 679–681.