**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George J. COTTAGE and Keith Darwin Francisco, Defendants-Appellants.**

**No. 15808.**

United States Court of Appeals
Sixth Circuit.

Dec. 30, 1965.

George S. Fitzgerald, Detroit, Mich., for appellants.

Paul B. Mayrand, Detroit, Mich., on the brief, for George J. Cottage.

Marion L. Johnson, Highland, Mich., on the brief, for Keith Darwin Francisco.

William H. Merrill, Detroit, Mich., for appellee. Lawrence Gubow, U. S. Atty., James Francis Finn, Geraldine B. Ford, Asst. U. S. Attys., Detroit, Mich., on the brief.

Before MILLER * and PHILLIPS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

The defendants-appellants, Cottage and Francisco, were charged in Count 1 of the indictment with stealing a truckload of whiskey moving in interstate commerce. The same two defendants were also charged in the third count of the indictment with the offense of conspiring with others to steal a truckload of whiskey moving in interstate commerce. The defendant Cottage, but not the defendant Francisco, was also charged in the second count of the indictment with receiving a truckload of whiskey stolen while moving in interstate commerce. The jury found the defendant Cottage guilty on the first and third counts of the indictment. Defendant Cottage received a sentence of three years on each of the three counts, to run concurrently. Defendant Francisco received a sentence of five years on each count, to run concurrently.

The main contention of the defendant Cottage is that, as a matter of law, he could not be found guilty of both stealing the whiskey and receiving the whiskey, and that therefore the sentences on Counts 1 and 2 against him should be reversed. It is also contended on behalf of both defendants that, because there was joint action on their part in stealing the whiskey, as charged in Count 1, they could not also be convicted of conspiracy under Count 3.

We find no merit in this contention with regard to the validity of the conviction under Count 3. That conviction being valid, we are of the opinion that it makes no difference whether the convictions under Counts 1 and 2 are good or bad, since the sentences imposed on defendant Cottage were made concurrent and were of equal length; and the sentences imposed on Francisco were also made concurrent and were of equal length. The rule is that a judgment of commitment may properly be affirmed if supported by a valid conviction upon one count, notwithstanding the fact that a like sentence was improperly imposed upon another count, if the sentences are of equal length and are to be served concurrently. Masinia v. United States, 296 F.2d 871 (C.A.8); Greene v. United States, 358 U.S. 326, 79 S.Ct. 340, 3 L.Ed.

---

* The late Judge Shackelford Miller presided at the hearing of this case, but did not participate in this opinion.

2d 340; United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332, 91 L.Ed. 359; Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774.

In accordance with the foregoing, the judgments are affirmed.