**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard L. TALLMAN, Defendant-
Appellant.**

**No. 18698.**

United States Court of Appeals,
Seventh Circuit.

Jan. 28, 1971.

John Donald O'Shea, East Moline, Ill., for defendant-appellant.

Max J. Lipkin, Peoria, Ill., Frank J. Violanti, U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before KERNER, PELL and STEVENS, Circuit Judges.

PELL, Circuit Judge.

The defendant, Richard L. Tallman, was convicted by a jury on three counts of violating 18 U.S.C. § 1464, which reads as follows:

> "Whoever utters any obscene, indecent, or profane language by means of radio communication shall be fined not more than $10,000 or imprisoned not more than two years, or both."

Tallman was sentenced on Thursday, December 11, 1969. On Count I, the sentence was for 18 months, the first 60 days to be served in a jail-type institution to begin on Monday, December 29, 1969 and the balance of the 18 months to be suspended. On Counts III and IV, Tallman was placed on probation for 3 years.

At the time of sentencing, the district judge informed Tallman of his right to appeal pursuant to the requirements of Rule 32(a) (2) of the Federal Rules of Criminal Procedure.

The ten day period for filing a notice of appeal expired on Monday, December 22, 1969 without Tallman having filed or caused to be filed a written notice of appeal.

In April 1970, and following his release from imprisonment on February 26, 1970, Tallman filed a motion in this court asking leave to appeal, stating that he made several attempts to appeal within the prescribed ten day period. Among his assertions was a claim that he had twice asked the clerk of the district court to help him perfect his appeal.

By order dated May 8, 1970, this court found it appropriate to follow United States v. Meyers, 406 F.2d 1015, 1016 (4th Cir. 1968), where the court of appeals remanded the case to the district court for a determination of whether the defendant should be allowed to have a belated appeal.

It is to be noted that the government not only did not oppose such procedure but suggested it in its answer to the motion. This court in its order also noted that Rule 32(a) (2), Fed.R.Crim.P., provides in part: "If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant."

This court ordered the district court to allow the motion papers "to be filed as a timely notice of appeal if, upon hearing, it be found that the clerk refused a timely request by Tallman to file a notice of appeal or that Tallman was otherwise prevented, without fault on his part, from timely filing a notice of appeal."

The district court held a hearing on the matter on June 24, 1970. Tallman, his court-appointed attorney at the time of trial and the deputy clerk of the court all testified at length. In a written memorandum, dated July 21, 1970, the district judge found as a fact that "no one in the office of the clerk of the court refused a timely, or any, request by defendant to file a notice of appeal for him and that defendant was not in any way otherwise prevented from timely filing a notice of appeal herein."

Moreover, the district judge made specific findings of fact refuting the individual claims made by the appellant.

The government first contends that the district court having made specific findings of fact and these not being clearly erroneous, the action below should be affirmed. In support of this proposition, the government cites that part of Rule 52(a) of the Fed.R.Civ.P. reading: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." This contention overlooks the fact that the present proceeding arises from a criminal case and not from a civil

case. Unlike the corresponding civil rule, Rule 23(c) of the Fed.R.Crim.P. does not state the effect which must be given findings in a jury-waived case. Because of this there is a division of authority as to the effect with regard to the ultimate finding of guilt in such a case. However, the matter before us is not at the present moment concerned with an ultimate finding of guilt and on such other matters there seems to be general agreement among the authorities that the "clearly erroneous" test should be applied. 2 Wright, Federal Practice & Procedure § 374, at 18 (1969). As Professor Wright states, the clearly erroneous test is given the same meaning in the context of matters other than the determination of ultimate guilt as it has in civil cases.

In the case before us the matter of credibility of witnesses was perforce a significant determinative factor. On March 27, 1970 the then counsel for Tallman had prepared an affidavit which was signed by a deputy clerk of the district court and which contained in part the following statement: "That shortly after his conviction and sentencing, which occurred on or about 20 Dec. 1969, Richard L. Tallman came to the clerk's office and sought her advice or help relative to obtaining an appeal of his conviction and sentencing."

██ Aside from the incorrectness of the date, the sentencing having actually occurred nine days earlier, and notwithstanding the conclusory aspect of this statement, it, on a prima facie basis at least, raises the question of whether Tallman under Rule 32(a) (2), Fed.R. Crim.P., had adequately requested an appeal so as to place upon the clerk the duty of preparing and filing forthwith a notice of appeal on behalf of said defendant. This in turn required the district judge to determine what actually transpired in the clerk's office during the ten days following the sentencing. This he determined against Tallman on the basis of the testimony of Tallman and the deputy clerk. We are not trying

the matter de novo and do not find the district court's finding of fact on the credibility matter to be clearly erroneous.

The record in this matter is not an extensive one and an examination thereof does not persuade us that the district court reached an incorrect result.

The government also relies on United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), for the proposition that the timely filing of a notice of appeal is mandatory. In *Robinson* the district court, proceeding under the then Rule 45(b), Fed.R.Crim.P., found that the late filing of the notice of appeal was a result of "excusable neglect." The Supreme Court was of the opinion that despite policy arguments that could be made both ways, the conflicting arguments should be resolved through the rule-making process and not by judicial decision. It is pointed out that Rule 45(b) specifically provided that the court might not enlarge the period for taking an appeal. There have been substantial amendments to the federal rules since *Robinson* which might cause a different result to be reached on the factual situation there involved.

The 1966 amendment to the Federal Rules of Criminal Procedure provided for the first time, in the final sentence of Rule 37(a) as it then stood, that the time for appeal might be extended upon a showing of excusable neglect. 2 Wright, Federal Practice & Procedure § 621, at 653 (1969). As the text points out, prior to the amendment it had been held that the ten day period for appeal could not be extended for any reason, citing *Robinson, supra.*

Nevertheless, we find that the teachings of *Robinson* to the effect that the rules as written in this area should be followed are still viable.

Rule 4(b) of the Federal Rules of Appellate Procedure provides in part that: "Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for

filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." Tallman has failed to bring himself within the time limitations of the rule as it presently exists.

However, Tallman urges that under Rule 2 of the Federal Rules of Appellate Procedure this court may suspend the requirements or provisions of any of the Rules of Appellate Procedure. To do so here would in our opinion be doing that which the Supreme Court proscribed in *Robinson, supra.* If further liberalization of the time for the taking of the appeal is required, it should be the subject of the rule-making process. As the Court pointed out in *Robinson* at p. 230, 80 S.Ct. at p. 288:

> "If, by that process, the courts are ever given power to extend the time for the filing of a notice of appeal upon a finding of excusable neglect, it seems reasonable to think that some definite limitation upon the time within which they might do so would be prescribed; for otherwise, as under the decision of the court below, many appeals might—almost surely would—be indefinitely delayed. Certainly that possibility would unnecessarily produce intolerable uncertainty and confusion. Whatever may be the proper resolution of the policy question involved, it was beyond the power of the Court of Appeals to resolve it." (Footnote omitted.)

 While the rules have been liberalized, they contain the definite limitation of 30 days as suggested in the foregoing language of the Supreme Court. We do not propose a further liberalization by judicial decision.

Tallman's reliance upon Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), is misplaced. There under the peculiar circumstances of the case the filing of the notice of appeal was held to have been timely. Here the district court, following the previous order of this court, did have a hearing to find whether the clerk had refused a timely request by Tallman to file a notice of appeal or whether Tallman was otherwise prevented without fault on his part from timely filing a notice of appeal. The hearing was conducted and the finding was against Tallman and for reasons hereinbefore set out the order of the district court is

Affirmed.