Lyne Keith **KILCREASE**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 71–1309.**

United States Court of Appeals,
Eighth Circuit.

March 28, 1972.

James T. Gleason, Omaha, Neb., for appellant.

R. C. Cougill, Asst. U. S. Atty., Richard A. Dier, U. S. Atty., for appellee.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and HUNTER, District Judge.*

MATTHES, Chief Judge.

Appellant has appealed from the judgment of conviction entered on the jury's verdict finding him guilty of knowingly possessing five unregistered firearms. Appellant claims on appeal that the district court committed three errors, to wit: (1) admission into evidence of a firearm obtained during an allegedly illegal search of his car; (2) admission of statements made by him to government agents and of firearms obtained by the government pursuant to these statements; and (3) rejection of his argument that § 5861(d) unconstitutionally abridges rights guaranteed him by the Fifth Amendment. We affirm the judgment of the district court.

I

Appellant was, early, in 1970, an Air Force master sergeant with eighteen years of service to his credit. He was stationed at Offutt Air Force Base, near Omaha, Nebraska. Agents in the Omaha office of the Alcohol, Tobacco and Firearms Division of the United States Treasury Department received information on March 1, 1970, which indicated that appellant had an unregistered and illegally imported firearm in his automobile. Officers approached appellant the following morning as he alighted from

* Western District of Missouri, sitting by designation.

his automobile, identified themselves,[1] and asked permission to search the vehicle. The agents had no search warrant. No advice regarding constitutional rights was given at this time to appellant, but he consented to the search. The officers found the firearm inside the automobile.

Appellant next was taken to a government office, where, after being advised of his constitutional rights, he admitted possession of three additional unregistered firearms. Appellant voluntarily drove to his home, picked up the three weapons, and surrendered them to the questioning officers. Later on the same day, again in the Treasury Department office, appellant informed the agents that he had at his home a fifth unregistered firearm. This weapon, too, subsequently was surrendered voluntarily by appellant. Appellant admitted to officers on the following day, March 3, 1970, after renewed advice regarding his constitutional rights, that he had obtained all of the firearms while serving in the armed forces overseas. It is apparent from the trial transcript that appellant understood prior to his contact with the Treasury Department that the importation and possession of these weapons were illegal, and that appellant was troubled by his continuing possession of the weapons and was relieved when the weapons were taken by the government.[2]

Appellant moved prior to trial for suppression of (1) the firearm discovered pursuant to the search of his automobile and (2) the statements made to the Treasury Department agents and the firearms obtained by the agents as a result of these statements. Objection to the admission of the first weapon was premised upon the agents' failure to advise appellant that he need not consent to the warrantless search of his automobile. The basis of that part of the motion which sought to suppress appellant's statements and the remaining firearms was his contention, advanced at the hearing on the motion to suppress, that he had made the statements at the scene of the search without the benefit of advice concerning his constitutional rights. Treasury Department agents testifying at the hearing asserted that the statements had been made by appellant at their office, some time after the search and after appellant had been advised of his rights.

The district court denied the motion to suppress in all particulars. Appellant subsequently was convicted on all five counts of the indictment charging violations of 26 U.S.C. § 5861(d) [3] and was sentenced to serve six months for each conviction. The district court designated the sentences to run concurrently, and placed appellant on probation.

## II

█ We deal first with appellant's contention that the search of his automobile was illegal, because he was not advised of his right to refuse to consent to the search, and thus that the firearm discovered during the search should have been suppressed. This argument is unpersuasive because appellant, as evidenced by his own testimony at the sup-

---

1. The agents may have acted unnecessarily in identifying themselves. Appellant, testifying at a hearing prior to his trial, stated that the agents "were as obvious as clowns at a circus."

2. Appellant's concern is evidenced by the following testimony, which occurred during his cross-examination at the pretrial hearing on the motion to suppress:

    "Q. You were cooperative with [the agents], weren't you?
    A. I was trying.

    Q. Isn't it a fact that you told them that you were relieved to get rid of the guns, and so forth?
    A. That is true.
    Q. They had been a burden to you for some time?
    A. Yes."

3. Section 5861(d) provides that it shall be unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."

pression hearing, was aware of his rights under the Constitution. *Cf.*, Bustamonte v. Schneckloth, 448 F.2d 699 (9th Cir. 1971), cert. granted, 405 U.S. 953, 92 S. Ct. 1168, 31 L.Ed.2d 230 (1972). It is well settled that "[t]he protection afforded by the Fourth Amendment . . . may, of course, be waived by a consent freely and intelligently given." Drummond v. United States, 350 F.2d 983, 988 (8th Cir. 1965), cert. denied, Castaldi v. United States, 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 542 (1966). The evidence convinces us that appellant "freely and intelligently" consented to the search of his automobile and that he thereby waived his right to object to that search.

■ Appellant's argument against the admissibility of his statements to Treasury Department agents, and the firearms obtained by the government as a result of those statements, also must be rejected. The district court, in ruling against appellant on this portion of the motion to suppress, necessarily resolved in the government's favor the factual dispute regarding the location at which the controverted statements were made. We construe the finding to be that the statements were made at the Treasury Department office. Because appellant concedes that he was advised of his rights upon arrival at that office, he can only prevail in this portion of his appeal if we reverse the district court's finding as to the place at which the statements were made. This we are not disposed to do. Factual findings made by the trial court in a criminal case must stand unless clearly erroneous, at least where such findings concern matters other than the ultimate question of guilt. Rule 52(a), F.R.Civ.P., 28 U.S.C.; Campbell v. United States, 373 U.S. 487, 493, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963); United States v. Tallman, 437 F.2d 1103, 1104–1105 (7th Cir. 1971); Drummond v. United States, supra, 350 F.2d at 988. It is clear from the record in this case that the challenged finding was not so in error.

■ Even assuming, *arguendo*, that the firearm found in appellant's automobile should have been suppressed for the reasons advanced by appellant, we would not be warranted in reversing his conviction.

It is conceded that appellant was advised of his rights at least prior to giving the statement regarding the final illegal weapon eventually recovered from his home. Thus the admission into evidence of this firearm and appellant's statement regarding his possession of it are not challengeable, and appellant's conviction on the count of his indictment which alleged possession of this weapon must be upheld.

■ The law is settled that reversal is not required if the conviction underlying any one of several concurrent sentences is valid and alone supports the sentence and judgment. Greene v. United States, 358 U.S. 326, 79 S.Ct. 340, 3 L.Ed.2d 340 (1959); United States v. Bessesen, 433 F.2d 861 (8th Cir. 1970), cert. denied, 401 U.S. 1009, 91 S.Ct. 1254, 28 L.Ed.2d 545 (1971).

■ We come finally to appellant's contention that the Fifth Amendment guarantee of freedom from compulsory self-incrimination bars his prosecution under § 5861(d). Appellant points out that because he is neither an importer, manufacturer, dealer, nor transferor of firearms within the definitions of 26 U. S.C. § 5845(k–m), he was not required by 26 U.S.C. § 5841(b) to register the firearms for possession of which he was prosecuted. Further, he observes, because 26 U.S.C. § 5848(a) precludes the incriminating use of registration information only if it is "required to be submitted," he is not protected by the latter section, and thus, had he registered the weapons, the registration information could have been used in a prosecution

against him for violations of other sections of the Gun Control Act.[4]

Appellant's argument is not acceptable. The result would be different if appellant, by registering his firearms, could have abated the possibility of prosecution under § 5861(d). Had that been the case, appellant would have been confronted with the Hobson's choice, proscribed by the Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), and related cases, of failing to register and thus subjecting himself to prosecution under the registration section, or of registering and thus supplying the government with information which would have incriminated him under other sections. But no such choice is available under the Act to one in possession of unregistered firearms: only manufacturers, dealers, and professional importers of firearms are capable of registration. 26 U.S.C. §§ 5841(b), 5845(k–m); United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). The act prohibited by section 5861(d) is not failure to register weapons, but rather it is possession of weapons which should have been, but were not, registered. *Cf.*, United States v. Harrelson, 442 F.2d 290, 292 (8th Cir. 1971). We reiterate the following conclusion, drawn in Reed v. United States, 401 F.2d 756, 763 (8th Cir. 1968), cert. denied, 394 U.S. 1021, 89 S.Ct. 1637, 23 L.Ed.2d 48 (1969):

> "We do not believe the Supreme Court intended that its holding in *Haynes* should be applied to a situation where, as here, the defendant was under no statutory command to and did not in fact supply any self-incriminating information."

See also United States v. Harflinger, 436 F.2d 928, 936–938 (8th Cir. 1970).

The judgment of the district court is affirmed.

---

4. Section 5844 prohibits the importation of firearms with exceptions not including appellant's importations. Section

5861(k) prohibits the possession of an illegally imported firearm.