**UNITED STATES of America, Appellee,**

v.

**Lonnie Ray WATSON, Appellant.**

**No. 71–1434.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1972.

Decided May 3, 1972.

Robert G. Duncan, Kansas City, Mo., for appellant.

William A. Kitchen, Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

MATTHES, Chief Judge.

Appellant and Jamesetta Belcher were jointly indicted in five counts for transporting in interstate commerce falsely made and forged checks in varying amounts in violation of Title 18 U.S.C. §§ 2 and 2314. Appellant waived the right to a trial by jury and consented to submission of the case to the court. He was found guilty by Judge Duncan, to whom the case had been transferred for trial by Judge Hunter, and given a two-year sentence on each of the five counts, the sentences to run concurrently.[1]

Prior to the trial, both defendants filed a motion to suppress certain checks, check forms, identification cards, papers, and other items, including two guns, which were seized by an F.B.I. agent on the authority of a search warrant issued by the United States Magistrate. The motion was centered on the claim that the F.B.I. agent unlawfully gained entrance to the apartment occupied by appellant and that such unlawful entry rendered all subsequent events, including issuance and execution of the search warrant, invalid.

Prior to transferring the case to Judge Duncan, Judge Hunter held two evidentiary hearings on the motion to suppress. The F.B.I. agents who participated in the incident giving rise to the controverted issue testified fully as to the events leading up to and including the claimed unlawful entry. Their testimony stands uncontradicted as neither defendant testified on the motion. Judge Hunter carefully analyzed the evidence and found as follows:

"I find that the entering of the apartment by [agent] Hawkins prior to the obtaining of the search warrant was a lawful entry made with the implied permission and consent of the occupant, Mr. Lonnie Ray Watson, who at that time, the time of the actual entry, was apparently the only occupant in the premises, apartment 207. That while he was there, lawfully present, he saw the items that he described in open view and Mr. Hawkins at that time did not conduct any search or any seizure whatsoever, and saw no more than was actually in open view, when he was lawfully present on the premises.

"I further find that the search warrant which he later obtained was issued in full compliance with Article Four of the Constitution, that it was issued by Magistrate on probable cause, supported by oath, and that it established with all necessary particularity the grounds for the issuance of the warrant. I find that the search warrant is valid."

1. It is not clear from the record before us what disposition was made of the charge against Jamesetta Belcher. At oral argument, the Assistant United States Attorney who prosecuted the case informed us that Jamesetta Belcher also was found guilty. Apparently, she was placed on probation. She has not appealed.

Subsequent to this disposition of the motion to suppress, the Assistant United States Attorney and the attorney for the appellant filed a stipulation containing all of the material facts, including the transcript of the evidence on the motion to suppress. It was agreed that the merits of the charge would be decided upon the evidence as stipulated. Based upon such facts the court found appellant guilty, and he has appealed.

Appellant concedes that if the evidence seized under the search warrant was properly admitted, the judgment of conviction is invulnerable to attack. However, he challenges the action of the court in denying the motion to suppress.

The question for decision requires a statement of the relevant facts. On March 16, 1970, and prior thereto, agent Hawkins was conducting a probe into suspected violations of § 2314. A stolen automobile reportedly used in connection with the suspected crimes was located that day by Hawkins on a street in Kansas City. Upon further investigation, the agent learned from one of the inhabitants of a nearby apartment building that the individuals in apartment 207 of that building had been seen driving the automobile. After deciding to interview the occupants of the identified apartment, Hawkins, accompanied by two other agents, proceeded to the apartment. Upon their knocking at the door, it was partially opened by a woman. The door was secured by a chain lock and could be opened only partially. Hawkins identified himself and stated that he desired to talk to the occupants of the apartment. Thereupon, the woman closed the door. Hawkins waited briefly and, after hearing a conversation within the apartment, he again knocked, announced that he was an F.B.I. agent and requested an opportunity to talk with the occupants of the apartment. In the meantime, Hawkins had directed F.B.I. agent Stephen P. Liberty to go outside the building and determine whether there was a fire escape. Immediately thereafter, appellant Watson opened the apartment door fully and stepped to one side. Just as he entered, Hawkins heard agent Liberty shout from outside the building that a woman had jumped out of the window and was hurt. Hawkins then walked past Watson to the open window and observed a woman lying motionless on the ground. Upon ascertaining the name of the woman from appellant, Hawkins proceeded to a telephone and called for an ambulance. However, when Hawkins turned away from the window he observed in the open top drawer of a dresser various identification and credit cards and other papers bearing the names used to cash some of the forged checks which had come under his investigation. After arranging with the other two agents to remain in the apartment and not to search until he returned, Hawkins proceeded to the office of the United States Magistrate and in due time obtained the search warrant. He returned to the apartment and conducted the search which resulted in the seizure of the cards, papers, and other items above mentioned.

Both the appellant and the Government have briefed two issues in connection with the entrance: (1) whether the emergency doctrine, under which officers may enter a dwelling without a warrant to render emergency aid and assistance to a person whom they reasonably believe to be in distress and in need of that assistance, is applicable to this case, see United States v. Goldenstein, 456 F.2d 1006 (8th Cir. 1972); Root v. Gauper, 438 F.2d 361, 364 (8th Cir. 1971), and (2) whether the agent entered the apartment with the consent of appellant. Judge Hunter did not rule upon the emergency doctrine contention, but rather, as indicated above, based his denial of the motion to suppress on invitation and consent.

■ It is settled doctrine that "[t]he protection afforded by the Fourth Amendment . . . may, of course, be waived by a consent freely and intelligently given." Drummond v. United States, 350 F.2d 983, 988 (8th Cir. 1965), cert. denied, 384 U.S. 944, 86 S. Ct. 1469, 16 L.Ed.2d 542 (1966); Kil-

crease v. United States, 457 F.2d 1328 (8th Cir. 1972). The existence and voluntariness of consent to a search by government agents are questions of fact for determination by the district judge. Fed.R.Crim.P. 41(e); Maxwell v. Stephens, 348 F.2d 325 (8th Cir. 1965), cert. denied, 382 U.S. 944, 86 S.Ct. 387, 15 L.Ed.2d 353 (1965). The standard of review for such district court determinations was discussed by this court recently in Kilcrease v. United States, *supra:*

> "Factual findings made by the trial court in a criminal case must stand unless clearly erroneous, at least where such findings concern matters other than the ultimate questions of guilt. Rule 52(a), F.R.Civ.P., 28 U.S.C.; Campbell v. United States, 373 U.S. 487, 493, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963); United States v. Tallman, 437 F.2d 1103, 1104–1105 (7th Cir. 1971)."

457 F.2d at 1331.

We are not convinced that the evidence in this case established as a matter of law that the entry of the apartment was illegal and in contravention of appellant's rights. To be sure, agent Hawkins did not have an arrest warrant when he sought to interview the occupants of the apartment. But an officer need not be armed with a warrant when his mission is clearly one of inquiry only. Certainly, an officer is entitled to request permission to enter a dwelling for the purpose of talking with or interviewing the occupant. That is precisely what happened here. No effort was made by Hawkins or his companion agent, either by word of mouth or by action, to compel appellant to permit them to enter the apartment, and we find nothing in this record conclusively showing that Hawkins gained admittance solely by virtue of his authority. We agree with Judge Hunter's view that appellant and Jamesetta were aware of their right to refuse admittance after being initially informed of the agent's identity and his request to interview them. Upon the second opening of the door, appellant offered no objection to admitting Hawkins and did not request him to leave at any time, but by his actions at least, invited him to enter.

The seasoned judge carefully weighed all of the evidence on the motion to suppress and made the finding which is under attack and which we hold is not clearly erroneous. We have examined Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), and consider the pertinent facts to be distinguishable to the extent that that case does not compel a different result.

In view of our holding on the consent issue, it is unnecessary to discuss whether the entry was justified under the emergency doctrine.

We have considered the contention that the court erred in failing to quash the search insofar as it related to the "identification cards." We agree with the district court that the term "identification cards" is sufficiently broad, at least in the context of this case, to include credit cards. The motion to suppress was properly denied and the judgment of conviction is affirmed.