**UNITED STATES of America,**
**Appellee,**

v.

**Edwin Joseph HUCKENSTEINE,**
**Appellant.**

No. 72-1350.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1973.

Decided March 22, 1973.

----◆----

John A. Rava, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., on briefs for appellant.

Daniel Bartlett, U. S. Atty., and Jerry L. Murphy, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before MATTHES, Chief Circuit Judge, and ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Edwin Joseph Huckensteine appeals from his conviction by the district court of five charges of violation of 18 U.S.C. § 472. Appellant was convicted of four charges of passing a counterfeited obligation of the United States and one charge of possessing and concealing counterfeited obligations of the United States. The district court sentenced appellant to six years imprisonment for each of the five counts, the sentences to be served concurrently.

On the evening of February 3, 1972, appellant was arrested by Deputy Sheriff Kimbrow of the Poplar Bluff City Police. The arrest occurred after a series of events beginning when appellant passed a counterfeit twenty dollar bill in Mike's Lounge in Poplar Bluff, Missouri. The Poplar Bluff Police were notified of this occurrence, and Deputy Sheriff Kimbrow went to Mike's Lounge to pick up the counterfeit note. Deputy Pickett was given a description of appellant and the car, located the car, and began following it. Appellant went to three other bars in the Poplar Bluff area and passed counterfeit notes; Deputy Pickett at no time lost sight of the car during this time and was in constant radio contact with Deputy Sheriff Kimbrow. Deputy Sheriff Kimbrow went to each bar after appellant had left and picked up the counterfeit notes which appellant passed. Deputy Pickett then lost sight of the car. The Poplar Bluff City Police spotted the car about an hour later and sent a radio dispatch. Deputy Sheriff Kimbrow immediately proceeded to the vicinity, blocked appellant's car and ordered the occupants out of the car. Trooper Ronald Jones of the Missouri State Highway Department, who had been in constant radio contact with the Poplar Bluff Police the entire evening, arrived at the scene approximately one minute after Deputy Sheriff Kimbrow. As Trooper Jones approached

the group standing around the car, he overheard that appellant was under arrest. He then noticed that the right rear door was open about four inches and opened it all the way. When he opened the door he observed a pack of counterfeit money wedged between two paper bags and seized it.

Appellant alleges as error

(1) That the counterfeit notes found in the back of the car were illegally seized by Trooper Jones and that therefore the district court erred in denying his motion to suppress.

(2) That he was prejudiced by the district court's denial of his motion for production and inspection of the grand jury minutes.

We reject appellant's contention that the counterfeit notes were illegally seized. The police had ample cause to stop the appellant's car. Appellant had been described by several persons as the person who was passing the counterfeit notes and had been observed by Deputy Pickett entering the different bars where the notes had been passed. In addition, the notes had been verified as counterfeit. Consequently, the police had probable cause to stop the car, and to arrest appellant. Under Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) and Orricer v. Erickson, 471 F.2d 1204 (8th Cir. 1973) they therefore were entitled to search the car for instruments of the crime.

We also note that the evidence which appellant sought to suppress was essential only to the proof of the fifth count on which he was convicted—possession and concealment of counterfeit notes. Under the concurrent sentence doctrine, if the conviction under one count is proper, that conviction will support the judgment. Kilcrease v. United States, 457 F.2d 1328 (8th Cir. 1972). We hold that appellant was convicted properly of the other four counts.

With regard to appellant's second alleged error, the record shows that the Grand Jury minutes were not recorded. We have previously held that a defendant is not denied due process because the Grand Jury which indicted him made no written record of its proceedings. United States v. Gray, 464 F. 2d 632, 635 (8th Cir. 1972); United States v. Harflinger, 436 F.2d 928 (8th Cir. 1970), cert. denied, 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137 (1971). Therefore, appellant was not prejudiced by the district court's denial of his motion for production and inspection of the Grand Jury minutes.

Affirmed.