**UNITED STATES of America, Appellee,**

v.

**George Ronald DUGAN, Appellant.**

**No. 72–1472.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1973.

Decided April 20, 1973.

Rehearing Denied May 25, 1972.

———◆———

Herbert D. Schaeffer, Clayton, Mo., for appellant.

Robert D. Grote, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY and BRIGHT, Circuit Judges, and NICHOL,* District Judge.

* Chief Judge, District of South Dakota, sitting by designation.

NICHOL, District Judge.

George Ronald Dugan was indicted jointly with Arthur Lewis, Jr., and Maggie Lewis, husband and wife, in a three count indictment charging two counts of possessing chattels stolen from a vehicle moving in interstate commerce, in violation of 18 U.S.C. Sec. 659, and one count of conspiracy, in violation of 18 U.S.C. Secs. 659 and 371. At trial Arthur Lewis pleaded guilty to count two and the three counts against his wife were dismissed. Subsequently, the jury was dismissed and appellant Dugan waived trial by jury and was tried to the court. The District Court convicted him on all three counts. He was sentenced to two years imprisonment on each of the three counts, sentences to run concurrently.

The evidence shows that the chattels (coats) in question were manufactured by the California Manufacturing Company, California, Missouri. The bills of lading, corresponding to the two stolen shipments involved here, bear customer names whose places of business are situated outside the State of Missouri. Defendant Arthur Lewis, Jr., was a driver for the St. Louis-Kansas City Express, an intrastate carrier, and in that capacity, according to his guilty plea, stole the two shipments of coats. The coats were en route to St. Louis, Missouri, where they would have been transferred to an interstate carrier to continue their journey. The chattels never left the State of Missouri.

The testimony at trial disclosed that appellant Dugan solicited sales from amongst various acquaintances. If a prospective customer encountered size difficulties, or voiced a style preference for a coat other than those possessed by Dugan, Dugan would attempt to satisfy those needs from the stock held by Lewis. Appellant also informed other prospects that Lewis had coats for sale in his home. Occasionally Dugan would personally escort prospective customers to the Lewis home to permit the buyer to sort through an assortment of coats contained in shipping boxes open for inspection.

On appeal Dugan asserts error upon five grounds. Based upon the first three grounds, relating to counts one and two, we affirm his conviction.

■ Dugan's first contention on appeal challenges the sufficiency of the evidence in the District Court's ruling that the goods covered in counts one and two, severally, reached a value in excess of $100.00 as required for two felony convictions under 18 U.S.C. Sec. 659. This argument is without merit. In the trial record and again at oral argument in this appeal the government traced the individual sales back to the two stolen shipments providing the substance for counts one and two. Dugan was identified with the sale of coats from the two stolen shipments totalling $100.00 from each separate shipment. Alternatively, Dugan can be found to have been in possession of all of the coats involved in the two separate counts which were situated in the Lewis home. "Possession" under 18 U.S.C. Sec. 659 includes constructive as well as actual possession.

> While term "constructive possession" is not free from ambiguity, it has been generally defined as knowingly having both the power and intention at a given time to exercise dominion or control over the property. Rodella v. United States, 286 F.2d 306, 311–312 (9th Cir. 1960).

United States v. Cousins, 427 F.2d 382, 384 (9th Cir. 1970). "Possession" may further be found to be sole or joint. Sewell v. United States, 406 F.2d 1289, 1293, n. 3 (8th Cir. 1969); United States v. Gulledge, 469 F.2d 713 (5th Cir. 1972). From our review of the record we find that Dugan exercised dominion or control over the stolen coats. He had access to the coats in the Lewis home which permitted him to show the goods to his prospective customers for their selection. Dugan's dominion or control is further evidenced by his ability to exchange or supplement the coats he possessed with those in the Lewis home to accommodate a buyer's needs. The evidence shows that he told various people that Mr. Lewis had coats for sale,

and personally escorted them to the Lewis home for the purpose of making a choice. We conclude that there was a factual basis from which the trial judge could determine that Dugan was in possession of the stolen goods.

The second asserted ground for error is the sufficiency of the evidence as to the District Court's finding that appellant possessed stolen chattels knowing them to have been stolen. Specifically, Dugan contends that mere contradictory statements in and of themselves do not provide an adequate basis for establishing guilt beyond a reasonable doubt. We view the evidence in the light most favorable to the verdict of the trier of fact, accepting as established all reasonable inferences that tend to support the fact trier's decision, and resolve any evidentiary conflicts in favor of the fact finder's verdict. United States v. Henson, 456 F.2d 1045 (8th Cir. 1972); Burke v. United States, 388 F.2d 286 (8th Cir. 1968).

In Aron v. United States, 382 F.2d 965, 970 (8th Cir. 1967), this court stated the law on the permissible inference to be drawn from possessing recently stolen property:

> The doctrine that possession of recently stolen property gives a permissible inference of knowledge on the part of the possessor that the property had been stolen, unless the possession thereof is accounted for in a reasonable and satisfactory manner consistent with the circumstances of the possession, is a factually sound and a necessary evidentiary rule.

See also United States v. Brocato, 437 F.2d 1157 (8th Cir. 1971); Minor v. United States, 375 F.2d 170 (8th Cir. 1967). Knowledge that the goods were stolen must of necessity be found from the circumstances surrounding the appellant's possession. An admission of such a mental state is not likely to be forthcoming. Aron v. United States, 382 F.2d 965, 970 (8th Cir. 1967). Thus, viewing the record in its entirety and complying with the preceding prin-

ciples, we cannot find that the District Court erred in finding that Dugan knew the goods to be stolen. The District Court viewed the witnesses and heard the explanations of appellant Dugan. The trial judge found "that the defendant (Dugan) made so many statements which were at war with each other as to where these coats came from," that he was convinced beyond a reasonable doubt that Dugan was guilty. We find no error in this determination.

The third alleged basis for error is that Dugan's Fifth Amendment right against double jeopardy has been violated. Appellant asserts that the present state of the record does not identify a particular consignee with the particular stolen coats found in his possession. Apparently it is the appellant's position that the government's proof fails to align specific coats found in his possession with a specific consignee and could, therefore, subject him to a second prosecution on virtually the same evidence.

The appellant's argument is based upon Kantor v. United States, 286 F. 897 (3rd Cir. 1923). There, the indictment named the consignee of a shipment of silk stolen in interstate commerce. At trial the government failed to prove that the stolen bale of silk in question was the one consigned to the party named in the indictment. This defect in proof, ruled the appellate court, deprived the defendant of the defense of "autrefois convict" and he could not assert this conviction as a defense in any subsequent charge. The case at bar does not suffer this infirmity. The alternate theory of finding appellant in possession of more than $100.00 worth of stolen chattels to comply with statutory requirements of possession for counts one and two attributes possession of all of the coats to Dugan. Thus they cannot provide the basis for a subsequent charge. Indeed, should appellant ever need to plead his conviction on counts one and two of his indictment as a bar to any subsequent prosecution, he can do so from the record made at trial. Lewis

v. United States, 340 F.3d 678, 680 (8th Cir. 1965).

We find it unnecessary to review appellant Dugan's other assignments of error relating to the third count of the indictment by affirming his conviction on counts one and two. "The law is settled that reversal is not required if the conviction underlying any one of several concurrent sentences is valid and alone supports the sentence and judgment." Kilcrease v. United States, 457 F.2d 1328, 1331 (8th Cir. 1972); Greene v. United States, 358 U.S. 326, 79 S.Ct. 340, 3 L.Ed.2d 340 (1959); *see also* United States v. Huckensteine, 475 F.2d 1131 (8th Cir. March 22, 1973).

The conviction of George Ronald Dugan is affirmed.