### UNITED STATES v. DIRECT SALES CO.

(District Court, W. D. New York. February 5, 1918.)

DRUGGISTS ⊕═5—MISBRANDING—OFFENSES.

    Under Food and Drugs Act, § 2 (Comp. St. 1916, § 8718), declaring that any person who shall ship in interstate commerce any article adulterated or misbranded shall be guilty of a misdemeanor, and for the first offense fined not exceeding $200, and upon conviction for each subsequent offense not exceeding $300, etc., the shipment of seven different articles, each of which were both adulterated and misbranded, constituted fourteen separate, distinct violations of the act, for which separate penalties might be imposed, though the aggregate exceeded $200.

The Direct Sales Company a corporation, was by information charged with the offenses of misbranding and adulteration of medicines, denounced by the Food and Drugs Act. Fine imposed on each count.

Stephen T. Lockwood, U. S. Atty., and John H. O'Day, Asst. U. S. Atty., both of Buffalo, N. Y.

Donald Bain, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. The information in fourteen counts charges the misbranding and adulteration, in violation of the Food and Drugs Act (Act June 30, 1906, c. 3915, 34 Stat. 768 [Comp. St.

1916, §§ 8717–8728]), of each of seven different medicines (acetanilid; calomel; quinine sulphate; salol; sodium salicylate; elixir iron pyrophosphate, quinine, and strychnine; and hydriodic acid) contained in a single shipment from Buffalo, N. Y., to East Falls Church, Va. Defendant company pleaded guilty, as charged in the indictment, and the question presented is as to the penalty to be imposed; defendant's counsel contending that but one offense is charged and that there should therefore be imposed only a single penalty.

Section 2 of the act in question makes it an offense to transport in interstate commerce any article of food or drugs which is adulterated, stating that:

"Any person who shall ship * * * any such article so adulterated or misbranded * * * shall be guilty of a misdemeanor and for such offense be fined not exceeding two hundred dollars for the first offense, and upon conviction for each subsequent offense not exceeding three hundred dollars or be imprisoned not exceeding one year, or both, in the discretion of the court." Comp. St. 1916, § 8718.

According to this, the article is clearly specified as the unit of the offense, as distinguished from the shipment, and as there were seven different articles in the shipment, and each was both adulterated and misbranded, it would seem that there were fourteen separate and distinct violations of the act, for which separate penalties may be imposed. This is the view, I think, quite generally adopted in other federal districts. The brief of the United States attorney directs attention to a number of cases in other districts in which separate penalties were imposed on different counts of information charging a single shipment of misbranded and adulterated articles. Here the various offenses charged are such that not only is a deception as to money value practiced upon the purchaser, but also as to medicinal value, which may be injurious to the health of the user. The intent undoubtedly was to consider each misbranding and adulteration of an article a violation of the statute, regardless of the number of articles contained in any one shipment.

In opposing the imposition of a penalty in excess of $200, counsel cites Byrne on Criminal Procedure, § 357, to show that separate offenses committed at one and the same time are inspired by one criminal intent, and that therefore but one punishment may be imposed; but I think that rule does not strictly apply, as the statute specifically designates the articles as the item the transportation of which is prohibited. The imposition of a penalty in excess of $200 would not be the imposition of a penalty for a subsequent offense. Each bottle comprised in the shipment contained a different article, and the misbranding and adulteration constituted concurrent offenses. The provision for different punishment for subsequent offenses was made in contemplation of violation of the statute subsequent to conviction for similar violations.

A fine of $50 is imposed on each count, amounting in the aggregate to $700.