ADERHOLD, Warden, v. SCHILTZ.

No. 7326.

Circuit Court of Appeals, Fifth Circuit.

Nov. 8, 1934.

Lawrence S. Camp, U. S. Atty., and H. T. Nichols, Sp. Asst. to U. S. Atty., both of Atlanta, Ga., for appellant.

Frank A. Doughman, of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal by the warden from a judgment ordering the release of appellee from the Atlanta Penitentiary on writ of habeas corpus.

It appears that appellee was convicted on an indictment in three counts returned in the District Court for the Western District of North Carolina. All counts charged an attempt to rob a postal clerk. On the first and second counts he was sentenced to serve 25 years, but, as the sentences were suspended, they are not material. Appellee is held under a sentence of 10 years' imprisonment on the third count, which is as follows: "Third Count: And the grand jurors aforesaid, upon their oath aforesaid, do further present that L. A. Kenna, Rudolph Heimel and Bill Schiltz, late of Mecklenburg County, in said district, on the 9th day of August, 1930, unlawfully, wilfully and feloniously did attempt to rob M. E. Pierce, Clerk in Charge Chadwick Station of the Charlotte, North Carolina postoffice, a duly authorized postoffice of the United States, who had in his custody Fifty Dollars ($50.00) in cash, lawful money of the United States, said money being United States postoffice funds; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The District Court held there is no federal statute making an attempt to rob a postal clerk an offense, and ordered the prisoner discharged. Counsel for the warden concedes that there is no federal statute denouncing as an offense an attempt to rob a postal clerk, but seeks to sustain the validity of the conviction and sentence under the provisions of section 197, Criminal Code (18 USCA § 320), which, so far as pertinent, provides: "Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense, be imprisoned not more than ten years. * * * "

It is argued that "an attempt to rob" and "assault with intent to rob" are synonymous terms, and therefore the defect is merely one of form, and the indictment should be considered sufficient under the provisions of R. S. § 1025 (18 USCA § 556).

We do not agree with the contention of appellant. An attempt to rob is not necessarily an assault, and the terms are not interchangeable. There could be no doubt that the indictment does not charge a crime under any statute of the United States. This is a matter of substance and not of form, and does not come under the provisions of R. S. § 1025. U. S. v. Carll, 105 U. S. 611, 26 L. Ed. 1135; Evans v. U. S., 153 U. S. 584, 14 S. Ct. 934, 38 L. Ed. 830; U. S. v. Standard Brewery, 251 U. S. 210, 40 S. Ct. 139, 64 L. Ed. 229.

As the indictment does not charge an offense, the verdict thereon amounted to nothing, and the court was without jurisdiction to impose a sentence. Greene v. Henkel, 183 U.

382

S. 249, 22 S. Ct. 218, 46 L. Ed. 177; Henry v. Henkel, 235 U. S. 219, 35 S. Ct. 54, 59 L. Ed. 203; Mackey v. Miller (C. C. A.) 126 F. 161; Manning v. Biddle (C. C. A.) 14 F. (2d) 518; White v. Levine (C. C. A.) 40 F. (2d) 502; Brown v. White (C. C. A.) 24 F. (2d) 392.

Affirmed.