**UNITED STATES v. SPAIN.**
Cr. No. 11193.

District Court, E. D. Illinois.
March 18, 1940.

Arthur Roe, U. S. Atty., of Danville, Ill., for Government.

The defendant submitted a brief and argument in his own behalf.

LINDLEY, District Judge.

Defendant having been convicted in September, 1930, filed herein on January 29, 1940, his motion that the judgment of conviction be set aside or modified.

At the outset it must be obvious that this court is at this time without jurisdiction to entertain a motion to modify or vacate a judgment valid on its face first presented years after conviction. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; United States v. Harrison, D.C., 23 F.Supp. 249; United States v. Capone, 7 Cir., 93 F. 2d 840. In view, however, of defendant's insistence, the court feels impelled to express its opinion upon the merits of the application, in so far as it attacks the validity of the sentence.

The indictment was in four counts. The first charged defendants jointly with others with robbing United States mail; the second, with which we are principally concerned, with an unlawful and felonious assault upon one Moore, having custody of the United States mail, with intent to rob and steal certain mail matter in Moore's custody in the Post Office and with putting in jeopardy the life of Moore by the use of dangerous weapons, to-wit, pistols and revolvers; the third with larceny of certain money belonging to the Post Office Department; the fourth with a conspiracy to steal, secrete and embezzle mail matter and to assault a mail custodian with intent to rob the mails. As overt acts it was charged that defendants did rob a certain Post Office; that they assaulted one Moore and that they did take and carry away money of the Post Office Department.

No attack was made upon the sufficiency of the indictment. Defendant pleaded not guilty and upon trial by jury was convicted. The sentences upon counts 1, 3, and 4, each for ten years or less, were made to run concurrently with each other and with the sentence upon count 2. The sentence upon count 2 was twenty-five years in the penitentiary. Such sentence is mandatory under Section 320, Title 18 U.S. Code, 18 U.S.C.A. § 320.

Defendant in his motion now contends that the indictment did not aver facts essential to a valid indictment under Section 320 and that the court should, therefore, vacate or modify the judgment.

Section 320 provides that anyone who shall assault any person having lawful custody of mail matter with intent to rob or steal such mail matter shall be imprisoned for not more than ten years, and that if in

effecting or "attempting to effect such robbery," he shall put in jeopardy by the use of a dangerous weapon the life of the custodian assaulted, he shall be imprisoned for twenty-five years.

■ Count 2 of the indictment charges, as we have seen, that the defendants made a felonious assault upon a person having custody of the mail; that the assault was made with intent to rob and steal certain mail matters and that defendants then and there put in jeopardy the life of the said person in custody of the mail by the use of dangerous weapons, namely, pistols and revolvers. It may be that the averments could have been more aptly framed, but a comparison of the language used with the statute is convincing, laying aside technical formalities, that the indictment charged clearly an offense under Section 320, including all the essentials, informed defendant of the nature of the charge against him and was of such character as to bar a subsequent prosecution upon any similar charge under Section 320.

■ The statute provides that one shall be deemed guilty if he makes an assault upon any person having charge of the mails with intent to steal such mail matter and that if in "attempting to effect such robbery" he shall put the life of the person in custody of the mail in jeopardy by the use of dangerous weapons, he shall be imprisoned for twenty-five years. The indictment charges an assault with a deadly weapon with intent to commit robbery and the putting in jeopardy the life of the person assaulted thereby. It may well be urged that an attempt to rob is not an assault, but it does not follow that a felonious assault with intent to rob is not an attempt to rob. In fact, it is perfectly obvious that any assault with intent to rob is an attempt to effect a robbery, and is, therefore, within the language of the statute. So when the defendant was charged with felonious assault of the mail custodian with a dangerous weapon and putting the life of the custodian in jeopardy, all with intent to commit robbery, the substance of the charge was clearly within the statute. An assault with intent to rob is more than an attempt to rob. It includes an attempt to rob and in addition all the essentials of an assault. It is for this reason that cases such as Aderhold v. Schiltz, 5 Cir., 73 F.2d 381, are not applicable.

Defendant relies upon the language of Norton v. Zerbst, 10 Cir., 83 F.2d 677, 678, where the court said in a prosecution for the second crime defined in the section, that there "must be a robbery of mail matter—which may not be property of the United States—from a custodian of the mails." The language was not necessary to the decision and clearly is misleading in its strict sense, because the section does not require actual robbery but prohibits the use of dangerous weapons in any "attempt to effect a robbery."

■■ Section 556, Title 18 U.S. Code, 18 U.S.C.A. § 556, prescribes that no indictment shall be deemed insufficient by reason of any defect or imperfection in matter of form only. This section does away with the necessity of any of the essential averments in an indictment being made in any particular form, no matter how frequently that form may have been sanctioned by precedent or former usage. If the essential averment appears in any form or may by fair construction be found anywhere within the text of the indictment, it is sufficient. It is only necessary that defendant be informed of the crime intended to be alleged and that the judgment be a complete defense to a second prosecution for the same offense. Simpson v. United States, 6 Cir., 241 F. 841, certiorari denied, 245 U.S. 664, 38 S.Ct. 62, 62 L.Ed. 537; United States v. Howard, D.C., 132 F. 325; Stumbo v. United States, 6 Cir., 90 F.2d 828, certiorari denied, 302 U.S. 755, 58 S.Ct. 282, 82 L.Ed. 584.

■ It is not necessary to determine whether the court would have approved the form of the indictment if attacked by demurrer or by motion to quash. As it contained averments from which what was meant to be charged was clear even though such averments were stated loosely or without technical accuracy, in view of failure of defendant to attack the indictment by demurrer or by motion to quash, any technical defect was cured by the verdict. Harris v. United States, 8 Cir., 104 F.2d 41; Miller v. United States, 3 Cir., 50 F.2d 505, certiorari denied, 284 U.S. 651, 52 S.Ct. 31, 76 L.Ed. 552.

It follows, first, that the court is without jurisdiction to entertain the motion; second, that the motion is without merit.

■ There is an attempt to submit evidence in the form of an affidavit of a witness who testified against defendant at the time of his conviction. It is obvious that I cannot hear evidence. The sufficiency of

the indictment must be determined upon its face. But it should be observed that this witness testified at the time of the trial that he had previously attempted to repudiate testimony implicating the defendant for the reason that he was in fear of his life, because of threats of defendant and the latter's associates.

Obviously, if defendant is to have relief, it can be only by parole or executive clemency.

Accordingly the motion to vacate or modify the judgment is denied.