**AKIN DISTRIBUTORS OF FLORIDA, INC., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 25510.

United States Court of Appeals Fifth Circuit.

July 29, 1968.

Rehearing Denied Dec. 11, 1968.

Lawrence A. G. Johnson, Tulsa, Okl., for appellant.

Samuel S. Forman, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and SINGLETON, District Judge.

### PER CURIAM:

Akin, a wholesale food distributor, was convicted in a non-jury trial on all counts of a four-count information charging that appellant had received foods and allowed same to become adulterated within the meaning of Title 21 U.S.C. § 342(a) (3) and (4), after such foods had been shipped in interstate commerce, in violation of Title 21 U.S.C. § 331(k).

■ Appellant's first contention that the four counts of the information were duplicitous and that the district court should have sustained its motion to elect is without merit. The counts are not identical since each count involved a different food.[1] United States v. Justin M. Schneider, Criminal No. 10170, E.D. Ky., December 31, 1959; United States v. Direct Sales Company, 252 F. 882 (W.D.N.Y.1918). See also United States v. Wiesenfeld Warehouse Co., 376 U.S. 86, 84 S.Ct. 559, 11 L.Ed.2d 536 (1964). Though duplicity was not at issue, the Supreme Court in Wiesenfeld reversed the trial court's dismissal of an information similar to the one here.

Also, the fact that the evidence supporting the alleged adulteration of the food named in each count was different for each food further precludes a holding that the four counts were actually the same. Bins v. United States, 5 Cir. 1964, 331 F.2d 390; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

■ Appellant also maintains that the evidence was the product of an illegal entry and search. As to the entry, there is ample evidence to support the trial court's determination that appellant's agent had sufficient authority to permit it. See Golden Grain Macaroni Company, Inc. v. United States, 9 Cir. 1953, 209 F.2d 166, for a similar determination. Likewise, it is undisputed that the agent's consent to the search was given freely and voluntarily.

Affirmed.

---

1. Count one concerned whole wheat flour; Count two, white flour; Count three, wheat germ meal; Count four, soya flour.