**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gary Edwin MARCHBANKS, a/k/a John William Talbot, Defendant-Appellant.**

**No. 72–2196**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1972.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

William T. Lassiter, Jr., Jacksonville, Fla. (court appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Rudy Hernandez, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

A federal indictment charged Gary Edwin Marchbanks, appellant here, and Daniel Vernon Palmer, in two counts with assaults with intent to rob persons in charge of mail matter, money and other property, and with putting the lives of the custodians in jeopardy while attempting to effectuate such robberies, all in violation of Title 18, U.S.Code, Section 2114.[1] Count I of the indictment charged an assault with inter. to rob, steal and purloin mail matter, money and other property upon Mary Ann Collins, a person having charge and custody of the U. S. Post Office at Orange Lake, Florida, and the putting of Mrs. Collins' life in jeopardy by the use of a pistol in attempting said robbery on November 18, 1971. Count II charged a similar assault upon George H. Howell, a person having lawful charge and custody of the U. S. Post Office at Fort McCoy, Florida, on November 24, 1971, and the putting of Howell's life in jeopardy by the use of a pistol in attempting said robbery.

A jury trial resulted in appellant's conviction on both counts and concurrent sentences to twenty-five years' confinement. On this appeal we affirm the judgment of the court below and the sentences imposed under the aggravated offense portion of Section 2114.

Appellant first contends that the assault portion of Title 18, U.S.C., Section 2114, applies only to unsuccessful attempts to rob persons having custody of mail matter, and hence that the introduction at trial of evidence relating to the consummated robberies was improper. Appellant's reliance in this connection upon United States v. Spears, 1971, 145 U.S.App.D.C. 284, 449 F.2d 946, is misplaced. *Spears* involved a conviction for assault with intent to rob under Title 18, U.S.C., Section 2114, and also for robbery under the applicable District of Columbia robbery statute, D.C.Code, Section 22–2901. The *Spears* court held simply that Congress did not intend for a person to be prosecuted under both Title 18, U.S.C., Section 2114, a statute which also proscribes a consummated robbery, and a concurrent D.C. robbery statute. 449 F.2d at 955. Under Title 18, U.S.C., Section 2114, an assault with intent to rob and a consummated robbery constitute but one offense, Martin v. United States, 10 Cir. 1957, 241 F.2d 693, and hence the lower court's admission of evidence concerning the completed robbery was proper.

The appellant next urges that the admission of evidence concerning the disposition of personal property taken from the Fort McCoy Postmaster, Mr. Howell, was improper. In particular, appellant complains of extensive presentation of evidence about appellant's use of the Postmaster's credit cards and

---

1. Title 18 U.S.C., Section 2114 provides:
   "Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

personal checks taken in the robbery. These incidents occurred within a few days after November 24, the date of the Fort McCoy offense. We have held in numerous cases that unexplained possession of recently stolen property may be shown to permit an inference by the finder of fact that the possessor participated in the theft of the property. See, e. g., United States v. Cook, 5 Cir. 1969, 419 F.2d 1306; Orser v. United States, 5 Cir. 1966, 362 F.2d 580.

■ Finally, appellant contends that insufficient evidence was presented to permit the jury to find that appellant was guilty of the aggravated offense of putting a life in jeopardy by the use of a dangerous weapon. The Orange Lake Postmaster, Mrs. Collins, testified that appellant told her, upon displaying his pistol, "Just be quiet and you won't be hurt", and that she cooperated because she "felt like my life was in danger". The Fort McCoy Postmaster, Mr. Howell, testified that as he entered his house trailer a masked man pointed a pistol at him, and ordered the Postmaster to drop his own weapon, a .22 pistol he had drawn upon smelling cigarette smoke as he entered. Further, the appellant's accomplice testified for the government that the weapon was loaded and that appellant had discharged it accidentally a short time before Mr. Howell appeared. (T–425–426) The test of whether a person's life had been placed in jeopardy is objective; more is required than the victim's fear, Smith v. United States, 5 Cir. 1960, 284 F.2d 789, 791; United States v. Donovan, 2 Cir. 1957, 242 F.2d 61, 63, but the fact that the holder of the weapon did not intend to place lives in jeopardy will not negate the offense, United States v. Beverly, 9 Cir. 1969, 416 F.2d 263, 264. The critical question is whether a life is actually placed in danger. The evidence in this case as to each count met that standard. Under the concurrent sentence doctrine, a finding by us that the evidence supported conviction under either count would suffice for affirmance, but we think nevertheless that

viewed in the light most favorable to the government, Glasser v. United States, 1944, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680, the evidence in this case was ample to support convictions as to both counts under the aggravated offense portion of Title 18, U.S.C., Section 2114.

Affirmed.