**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harry Eugene SMITH,
Defendant-Appellant.**

**No. 76–1262.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 28, 1977.

Decided April 28, 1977.

John O. Martin, Asst. Federal Public Defender, Kansas City, Kan. (Leonard D. Munker, Federal Public Defender, Kansas City, Kan., with him on the brief), for defendant-appellant.

Richard L. Hathaway, Asst. U.S. Atty., Kansas City, Kan. (E. Edward Johnson, U.S. Atty., Topeka, Kan., with him on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

LEWIS, Chief Judge.

Defendant Smith was charged in a one-count indictment with an "attempt to rob" the proprietress of Postal Contract Station No. 13 in Kansas City, Kansas, of money belonging to the United States in violation of 18 U.S.C. § 2114. Following a jury trial Smith was convicted upon a verdict of guilty and sentenced to a term of not more than eight years imprisonment. On appeal Smith challenges the sufficiency of the indictment and jury instructions on grounds the offense proscribed by section 2114 is "assault with intent to rob" and that an "attempt to rob" is not a crime under any statute of the United States.

 The issue presented is one of first impression in this circuit and requires us to construe the operative provisions of the charging statute:

Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years. . . ..

18 U.S.C. § 2114. For purposes of the present analysis the quoted language may be read as specifying two ways in which the proscribed offense may be committed: (1) by an assault with intent to rob, steal, or purloin; or(2) by a completed robbery. Since a completed robbery was neither charged nor proved in the case at bar, the narrow question presented is whether an assault with intent to rob, steal, or purloin is adequately charged by an indictment alleging an attempt to rob.

In *Aderhold v. Schiltz*, 5 Cir., 73 F.2d 381, this precise question was considered by the Fifth Circuit under the statutory predecessor of section 2114 which, for purposes of the issue under consideration, was virtually identical to the present version. Rejecting the government's argument that an attempt to rob and an assault with intent to rob are synonymous terms, the *Aderhold* court held: "An attempt to rob is not necessarily an assault, and the terms are not interchangeable. There could be no doubt that the indictment does not charge a crime under any statute of the United States." *Id.* See also, *United States v. Spain*, E.D. Ill., 32 F.Supp. 28, 30 ("An assault with intent to rob is more than an attempt to rob. It includes an attempt to rob and in addition all the essentials of an assault.").

Although not directly on point, the opinion of the District of Columbia Circuit in *United States v. Spears*, 145 U.S.App.D.C. 284, 449 F.2d 946, is also instructive. In reviewing the legislative history of section 2114 since its origin in the original Post Office Act of 1792, Act of February 20, 1792, ch. 7, § 1, 1 Stat. 232, the *Spears* court noted:

> By 1799, then, the essential elements of the offenses now codified in 18 U.S.C. § 2114 had been enacted. Except for the penalties involved, the elements have been little changed from that time until the present.
>
> The "attempt" portion of the 1799 statute is of particular importance in this case. Though it has been modified several times over the years, the changes have been essentially in form and not in substance. To begin with, the 1799 statute did not proscribe all attempts to rob mail carriers; rather it said that
>
> > if any person shall attempt to rob the mail of the United States, by falling on the person having custody thereof, shooting at him or his horses, or threatening him with dangerous weapons, *and the robbery is not effected* . . [he] shall be punished. . . .

*United States v. Spears, supra* at 951 (footnotes omitted). Although subsequent versions of the statute substituted the term "assault" for the phrase "by falling on the person having custody [of the mail], shooting at him or his horses, or threatening him with dangerous weapons," the *Spears* court posited that since the prohibited attempts under the 1799 statute amounted in essence to assaults, the subsequent revisions "did not change the nature of the acts made punishable in any material respect." *Id.* at 952. The court therefore concluded:

> The derivation, codification, revision and explanation of what is now 18 U.S.C. § 2114 thus all clearly indicate that the assault proscribed by that section is an assault which forms an integral part of an unsuccessful attempt to rob a mail carrier.[43]
>
> (43 All attempts to rob a mail carrier are not covered by that section; only those are proscribed which involve assaults.)
>
> . . . . .
>
> We hold simply that the part of 18 U.S.C. § 2114 prohibiting assaults was intended by Congress to prohibit certain kinds of attempts to rob . . . .

*Id.* at 954 & n. 43, 955.

■ Although the reasoning of these decisions is not controlling, we find it highly persuasive with respect to the issue in the case at bar, particularly since we have been cited to no case and have discovered none in which the term "attempt to rob" has been held synonymous with "assault with intent to rob." Indeed the only justification offered for this interpretation is the government's unsupported argument that since the term "rob," when given its common law definition, imports both an attempt to as-

sault and an intent to steal, the term "attempt to rob" necessarily encompasses an assault. This interpretation, however, would render surplus the terms "assault . . . with intent to . . . steal, or purloin," in the present formulation of section 2114 and is at odds with the well-settled rule that statutes are to be construed so that each word is given effect. We are therefore unable to conclude that Congress, in subjecting what is now section 2114 to review and "stylistic revision" on at least ten separate occasions since its original enactment in 1792,[1] would have overlooked the simple expedient of substituting the phrase "attempt to rob" for "assault with intent to rob" had it intended to proscribe all attempted robberies of persons having custody of the mails.

Nor can we accept the government's contention that the defect in the wording of the indictment was "harmless" since the evidence clearly established the commission of an assault in the case at bar and since there has been no showing of prejudice to the defendant. Whether an assault occurred in a given case is a question of fact ordinarily to be resolved by the jury under appropriate instructions; not a question of law to be resolved in the first instance by the reviewing court. Similarly the absence of prejudice to the defendant does not cure what is necessarily a substantive, jurisdictional defect in the indictment. *Aderhold v. Schiltz, supra.* Since the indictment failed to charge an offense against the United States, the judgment and sentence imposed by the trial court must be vacated and the case remanded for disposition consistent with this opinion.

---

1. *See United States v. Spears, supra.*